# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 18-0025-WS |
| | ) |
| AVERY VARKESE NASH, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Correct Clerical Error (doc. 30). In that Motion, defendant, Avery Varkese Nash, argues that the Judgment entered in this case does not conform to the Court's oral pronouncement at sentencing, and should therefore be corrected pursuant to Rule 36, Fed.R.Crim.P. Specifically, Nash maintains that during his sentencing hearing, the undersigned ordered that Nash's sentence run concurrently with the related state court case, but that "[t]he Written Judgment [does] not accurately reflect the oral sentence" in that regard. (Doc. 30, at 2.) On that basis, Nash requests as follows: "The Court should make the correction to the J&C Order to reflect the Court's expressed anticipations during Mr. Nash's sentencing, that his sentence is be [*sic*] concurrent, and that he receive any and all credit associated with States case DC-17-880." (*Id.* at 3.)

There is no clerical error to correct in this case. The Judgment entered on August 6, 2018 unequivocally provides that Nash is sentenced to 24 months' imprisonment, **"said term to run concurrently with the related state case in DC-17-880."** (Doc. 27, at 2.) Thus, the Judgment conforms fully to the oral pronouncement of sentence. The Motion to Correct Clerical Error is **denied** because the purported clerical error does not exist.[1]

DONE and ORDERED this 9th day of April, 2019.

             s/ WILLIAM H. STEELE
             UNITED STATES DISTRICT JUDGE

---

[1] Insofar as Nash is really asking this Court to recompute the Bureau of Prisons' jail credit calculations, his Motion fares no better. "The Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing." *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995). Accordingly, this Court has no authority to grant Nash relief as to sentence credit calculations.